CHARLES K. BEEKMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

S. STANWOOD MENKEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MORTON G. BOGUE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM M. CLARK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

TRENHOLM H. MARSHALL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

STEPHEN P. ANDERTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

A. PERRY OSBORN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22241, 22377–22382.   Promulgated September 27, 1929.

*William L. Bainton, Esq.*, for the petitioners.
*A. H. Murray, Esq.*, for the respondent.

644

OPINION.

SMITH: The petitioners, members of the partnership of Beekman, Menken & Griscom, seek to deduct in their individual tax returns for the calendar year 1922 certain alleged bad debt losses of the partnership, representing uncollectible accounts ascertained to be worthless and charged off in the partnership's books of account during the taxable year.

It is the respondent's contention that these uncollectible accounts were not bad debt losses within the meaning of section 214(a)(7) of the Revenue Act of 1921, and are not deductible in computing the amounts of the distributive income of the partnership taxable

to the petitioners in that year; that the statute contemplates the deduction, in computing net income, of only losses of capital or income and that since the bad debts charged off by the partnership represent neither capital contributed to the partnership nor amounts which have come to the partnership through the door of income, no deductible bad debts are present in the case.

The parties have stipulated that the accounts in question were ascertained to be worthless and charged off on the partnership's books during the taxable year and that the partnership, making its returns on the cash receipts and disbursements basis, had never reported any income in respect of the accounts. The respondent's sole reason for disallowing the deduction, we take it, is that the accounts have never been reported as income and subjected to taxation as such.

Thus stated, we think that the issue comes squarely within the rule laid down in *Charles A. Collin*, 1 B. T. A. 305, in which it was held that a taxpayer who keeps his accounts and makes his returns on a cash receipts and disbursements basis may not deduct from gross income, as for a bad debt, an item of accrued interest which he has not at any time previously treated as income or reported as taxable income. To the same effect, that is, that a taxpayer may not take as a deduction the loss of a gain that has never been reflected in income, see *Howard J. Simons*, 1 B. T. A. 351; *J. Noble Hayes*, 7 B. T. A. 936; and *Henry V. Poor*, 11 B. T. A. 781; 30 Fed. (2d) 1019.

The rule as above stated works no hardships upon the petitioners in this case. Whatever expenses were incurred by them in rendering the services for which the accounts receivable were entered on the books were properly deductible under other provisions of the statute. Under the accounting method employed by the partnership the accounts claimed as deductible losses represented not losses of capital or of accrued or actual income, but losses of anticipated earnings.

On the other hand, if the petitioners' contention is allowed, the result will be to permit them to reduce their actual taxable earnings for the year by certain amounts which, because of their noncollectibility, they failed to realize as income. We think that this would be contrary to the reason and the letter of the taxing law.

The stipulation of the parties here that the accounts were charged off on the partnership's books of account does not preclude our consideration of the question of whether the *charge-off* made was such a charge-off as the statute requires, that is, a charge-off of the debts in relation to their status as capital or income. The charge-off was not of an item that had entered into the system of bookkeeping

which afforded the basis for income-tax returns. It was only a memorandum transaction.

At the hearing it was stipulated with respect to the petitioner, A. Perry Osborn, that his net income as set forth in the deficiency letter of December 6, 1926, should be increased by the amount of $31,259.82. The deficiency should be recomputed accordingly.

> *Judgment will be entered for the respondent in all proceedings except Docket No. 22382, in which judgment will be entered under Rule 50.*